**Paul C. SPRENGER, Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Respondent.**

No. C3–95–501.

Court of Appeals of Minnesota.

Aug. 29, 1995.

Review Granted Nov. 15, 1995.

Michael Berens, Erin K. Fogarty, Minneapolis, for appellant.

Timothy L. Blakely, Joseph F. Lulic, Hanson, Lulic & Krall, Minneapolis, for respondent.

Considered and decided by PARKER, P.J., and RANDALL and HARTEN, JJ.

## OPINION

RANDALL, Judge.

Paul Sprenger appeals from a dismissal on summary judgment of his claim for indemnity against Insurance Company of North America, arguing the contractual limitations period for filing suit had not expired when the suit was filed. Appellant also argues the district court erred by not applying Florida law. We reverse and remand for further proceedings.

## FACTS

On November 18, 1981, appellant purchased a 56 foot sailboat (boat) valued at around $250–300,000. The boat was insured with the Insurance Company of North America (INA) for the period October 24, 1987 to October 24, 1988. The INA policy stated that the boat was insured for navigating on the Atlantic and Gulf Coast, and the inland tributaries between Morehead City, North Carolina and Carrabelle, Florida, including the Bahama Islands.

The policy insured against "accidental direct physical loss or damage * * * except as specifically excluded by this policy." The policy would pay for the "necessary and reasonable cost to repair" the insured boat. The policy stated that any suit had to be commenced within one year of the date of loss or damage. The policy stated that when one of its provisions was "in conflict with the applicable law of the state in which [the] policy [was] issued, the law of the state shall apply."

The INA policy stated that its coverage ended if the boat were sold, assigned, transferred, or pledged without prior written con-

sent. The policy also specifically excluded coverage for damage resulting from dishonest or illegal acts of any covered person, or any person to whom the insured property was entrusted.

At all times relevant to this case, appellant Paul Sprenger lived in Minnesota. Appellant worked through Ocean Insurance Group (OIG) in Florida to find insurance coverage for the boat. OIG told appellant that INA was willing to insure the boat and sent appellant an INA application form from Florida. Appellant mailed INA's application for insurance to Florida. INA's binder and policy were mailed by OIG to appellant in Minnesota from OIG's Florida office.

The boat was docked at the home of Captain Bauer in Fort Lauderdale Florida. In late 1986, appellant tried to sell the boat for $275,000. In December 1987, appellant was informed that William Banister, a yacht broker affiliated with a Florida boat brokerage, and who lived across the street from Captain Bauer, had secured an offer of $150,000 (net to appellant) for the boat. Appellant approved the sale if it could close by January 1988.

Banister informed appellant the prospective buyers wanted to test-run the boat. The boat was taken out under Captain Bauer's direction. In January 1988, the boat was docked at Banister's house but was still under Captain Bauer's responsibility. Banister convinced appellant to delay the closing of the deal. Each time appellant asked about the closing, Banister gave assurances and dissuaded appellant from retaking possession of the boat. Banister later agreed that the closing would occur on October 19, 1989. Banister failed to meet with appellant at the closing. When appellant inquired, the brokerage firm told appellant that Banister had been arrested for outfitting boats for drug smuggling. Appellant had received $50,000 from Banister. The closing never occurred and appellant retained title.

The record is clear that appellant did not know until October 19, 1989, that Banister and later that Captain Bauer were part of a drug smuggling ring in Florida. Appellant's boat was refitted for drug smuggling. The Coast Guard found and seized the abandoned boat in the Caribbean Sea on or near June 28, 1990. The boat suffered an estimated $45,000 in damages.

On April 26, 1990, appellant made a claim against the INA policy by letter. INA responded, asserting defenses and requesting more information. Appellant determined the fate of the boat from a July 16, 1990 letter from the U.S. Customs Service. Appellant completed INA's "Vessel Owners or Masters Protest Form" on August 27, 1990. Appellant included in the Protest Form the "Petition for Remission" sent to the Customs Service for return of the boat. On October 10, 1990, INA asserted more defenses. Appellant filed suit on October 18, 1990.

INA moved for summary judgment, arguing appellant failed to file suit within one year of the date of loss or damage. On October 6, 1994, the district court granted INA's motion and entered judgment for INA. On appeal, appellant argues Florida law should apply for the application of the limitations period in the INA policy.

## ISSUE

Do genuine issues of material fact exist that preclude summary judgment at this stage of the proceedings?

## ANALYSIS

On appeal from summary judgment, the reviewing court examines the record to determine whether there are any genuine issues of material fact and whether the lower court erred in applying the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990). This court must view the evidence in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

We do not reach the issue of whether Florida or Minnesota law applies to the contractual limitations period because there are unresolved issues of material fact concerning the actual date of loss and what appellant knew about the loss.

According to the INA policy, lawsuits are barred if not commenced within one year of the date of loss. The record indicates the

boat "may" have been taken from Banister's dock in May 1988 and refitted for drug smuggling. The Coast Guard found the abandoned boat around June 28, 1990. The INA policy was in effect until October 24, 1988. The record does not indicate whether the loss occurred between May 1988 and October 24, 1988. Summary judgment was inappropriate without proof of facts concerning the date of loss.

We also find a disputed fact issue as to what appellant knew about the loss. The record shows appellant did not discover the loss until December 1989 because of the fraud and deception committed by Banister in covering up use of the boat for smuggling. Appellant may have had no reason to doubt that the sale would be completed on October 19, 1989. The boat was docked across the street from Captain Bauer, in whose trust appellant had placed the boat. Appellant had no idea Bauer was part of the conspiracy. Appellant had already received $50,000 from Banister. Appellant may also have had no reason to use or check on the boat during this time. Because of unresolved issues sur-rounding appellant's knowledge of the loss, and the date of the loss, summary judgment was inappropriate.

## DECISION

The district court erred in granting summary judgment for INA. There are factual issues on the actual date of loss and when appellant knew of the loss. Strict adherence to the one year limitations period is inequitable to appellant, at least at this point.

Appellant's claim is premature for disposition by summary judgment. We decline to make any choice of law decisions at this stage of the proceedings. All policy defenses of INA are preserved for trial.

**Reversed and remanded.**